UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ELECTRONICALLY FILED

CHARLENE ALLEN

PLAINTIFF

v.

Case No. 3:25-cv-00084-RGJ-CHL

FM SYLVAN, INC., et al.

DEFENDANTS/THIRD-PARTY PLAINTIFFS

v.

UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA (UA) LOCAL 502

THIRD-PARTY DEFENDANT

**SERVE:** Joe Ford
President, U.A. Local 502
4330 Crittenden Drive,
Suite A
Louisville, KY 40209

---

**THIRD-PARTY COMPLAINT**

---

Come the Defendant/Third-Party Plaintiff FM Sylvan, Inc. ("FM Sylvan") by counsel, and for its Third-Party Complaint against the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (UA) Local 502 ("Union"), states as follows:

## PARTIES

1. At all times relevant hereto FM Sylvan was and is a Michigan-domiciled corporation with its principal office located in Perth Amboy, New Jersey, and is further registered to do business in Kentucky.

2. At all times relevant hereto, the Union was, and is, a local association representing skilled tradespeople in the field of pipefitting, plumbing, and HVAC services. The Union supports technicians through training, career development, and representation with company management.

3. The amount in controversy exceeds this Court's jurisdictional minimum threshold as FM Sylvan seeks full common law indemnity from the Union to the extent a jury awards damages to Plaintiff.

## FACTS RELEVANT TO THIRD-PARTY CLAIMS

4. At all times relevant to her working relationship with FM Sylvan, Plaintiff was a member of the Union.

5. Pursuant to a collective bargaining process, FM Sylvan and the Union are parties to a Collective Bargaining Agreement ("CBA") for the purpose of facilitating orderly and prompt settlement pertaining to wages, hours, working conditions, grievances, and other conditions of employment for employees covered by the CBA. *See* Collective Bargaining Agreement, attached hereto as **Exhibit A**.

6. The CBA, including each Article set forth therein, represents mutual promises between FM Sylvan and the Union in furtherance of the shared goals of FM Sylvan and the Union.

7. Specifically, Article 4 of the CBA, "Union Security," unambiguously requires the Union and FM Sylvan not to engage in discrimination based on any protected characteristics, including but not limited to sex and race, and obligates them to comply with all state and federal laws and regulations regarding Equal Employment Opportunity. *See* **Ex. A** at p. 4.

8. The Union, through the signatures of its designated representatives, became a party to the CBA and agreed to comply with its terms.

9. Through the Union, Plaintiff worked on a job for FM Sylvan at Ford's Kentucky Truck Plant between July 2022 and September 2022.

10. Plaintiff was eventually laid off from this job due to a reduction in force on September 16, 2022.

11. Plaintiff filed a Complaint on January 15, 2025 in Jefferson Circuit Court, bringing claims of race discrimination, sex discrimination, and retaliation against FM Sylvan and Gary Harper.

12. FM Sylvan subsequently removed this action to the United States Court for the Western District of Kentucky, Louisville Division, on February 15, 2025.

13. After lengthy delays not attributed to FM Sylvan, it deposed Plaintiff on February 26, 2026.

14. During her February 26, 2026 deposition, Plaintiff testified that the Union played an integral role in the claims she has asserted against FM Sylvan.

15. Plaintiff also produced a recording of a conversation, in which she stated that:

> And John, it's not – it's not FM Sylvan and it's not you. Actually, the problem is within my own local. That's why I asked Scott to have a meeting and I – and I didn't want to involve FM Sylvan because for me to be a rehire, evidently FM Sylvan is satisfied with my work. So that's satisfactory. Like I say, I've never had a problem before this, and I've worked for you before and did an awesome job. So the problem is not FM Sylvan and I don't have a problem with you or FM Sylvan. It's our own local.

16. Specifically, she identified the following individuals as bad actors: Gary Harper, Damien Rowan, Jason Hailstock, Alan Grinder, and Scott Lewis.

17. Upon information and belief, Harper, Rowan, Hailstock, Grinder, and Lewis are all members of the Union.

18. Since Harper, Rowan, Hailstock, Grinder, and Lewis were Union members, the Union was aware of the facts surrounding their alleged discriminatory and/or retaliatory conduct.

19. The Union did not take steps to remedy or stop its members alleged discriminatory and/or retaliatory conduct that violated at least one Article of the CBA.

20. FM Sylvan was unaware of the members' alleged discriminatory and/or retaliatory conduct that violated the CBA until after Plaintiff's separation of employment.

## COUNT I
## BREACH OF CONTRACT

21. FM Sylvan incorporates paragraphs 1-20 as if restated herein.

22. The CBA constitutes a written contract between FM Sylvan and the Union.

23. Based on the role of the Union as a party to the CBA, FM Sylvan reasonably expected that the Union would comply with its promise to adhere to all of the CBA, including but not limited to the non-discrimination provisions contained in Article 4.

24. To the extent Plaintiff is able to prove her claims of discrimination and/or retaliation based on the Union members' alleged conduct (none of which FM Sylvan admits by assertion of this Third-Party Complaint), the Union has breached its promise to FM Sylvan to comply with the CBA.

25. As a foreseeable, direct, and proximate result of the Union's breach of the CBA, FM Sylvan has suffered and will continue to suffer damages.

26. FM Sylvan is entitled to recover damages from the Union for any breach of the CBA.

27. Accordingly, the Union is liable to FM Sylvan for any damages sustained as a result of its breach of the Agreement.

**COUNT II**
**INDEMNIFICATION/CONTRIBUTION**

28. FM Sylvan incorporates paragraphs 1-27 as if restated herein.

29. All of Plaintiff's claims are premised upon her allegations that the Union's members were discriminatory and retaliatory towards her.

30. Despite Plaintiff's allegations, FM Sylvan specifically denies any liability as alleged by Plaintiff. If Plaintiff sustained damages as claimed in her Complaint, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Union and/or its members.

31. If it is determined that FM Sylvan's conduct played a role in causing the damages alleged in Plaintiff's Complaint, which FM Sylvan specifically denies, then said conduct was passive and secondary to the active and primary conduct of the Union, thereby entitling FM Sylvan to common law indemnity against the Union.

32. Additionally, FM Sylvan and the Union are parties to Article 4 of the CBA in which they agree not to engage in discrimination based on any protected characteristics, including but not limited to sex and race, and which obligates them to comply with all state and federal laws and regulations regarding Equal Employment Opportunity.

33. To the extent liability for discrimination and/or retaliation is found against FM Sylvan and the Union based on any discriminatory action of the Union's members, the Union has breached its duty not to discriminate against Plaintiff as set forth in Article 4 of the CBA.

34. If damages for Plaintiff's employment claims are assessed against FM Sylvan, FM Sylvan is an indemnitee who is not a wrongdoer, but who is being compelled to pay damages based

on the contract that the Union, by and through its members, would not discriminate nor retaliate against FM Sylvan's employees.

35. Accordingly, FM Sylvan is entitled to indemnification of damages assessed against it for the Union's breach of duty not to discriminate or retaliate against FM Sylvan's employees, including but not limited to damages, costs of litigation, and attorneys' fees.

**COUNT III – APPORTIONMENT**

36. FM Sylvan incorporates paragraphs 1- 35 as if stated herein.

37. If Plaintiff sustained damages as claimed in her Complaint, then such damages were the direct and proximate result of the superseding and/or intervening, primary or active conduct of the Union.

38. If, however, a judgment is entered in favor of Plaintiff against FM Sylvan and a determination is made that FM Sylvan is not entitled to indemnity, then in the alternative, FM Sylvan is entitled to apportionment against Union, for any judgment that may be awarded.

**WHEREFORE**, FM Sylvan, by and through undersigned counsel, demands as follows:

1. Dismissal of all claims against it;

2. Judgment against the Third-Party Defendant by way of breach of contract, indemnity, contribution, and/or apportionment for any judgment rendered against it in favor of Plaintiff;

3. That Plaintiff takes nothing thereby; or, in the alternative, for apportionment and/or indemnity from the Union;

4. That FM Sylvan be awarded a judgment in an amount established by the proof in this matter;

5. That the Union be ordered to pay the sums established, if any;

6. For a trial by jury of all issues so triable;

7. For pre- and post-judgment interest;

8. That FM Sylvan recover its reasonable attorney fees and costs expended herein; and,

9. Any and all other relief to which it may appear entitled.

Respectfully submitted,

***/s/ Elizabeth S. Fritz***

Rudy J. Ellis III
Elizabeth S. Fritz
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
Phone: (502) 581-8000|Fax: (502) 585-2207
rudy.ellis@Dinsmore.com
elizabeth.fritz@Dinsmore.com
*Counsel for Defendant/ Third-Party Plaintiff*
*FM Sylvan, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of May 2026, I electronically filed this document through the ECF system and upon that filing provided service to the following via electronic communication:

David Borum
David Borum, Attorney at Law PLLC
517 West Ormsby Avenue
Louisville, KY 40203
270-617-1957 (telephone)
502-470-3194 (facsimile)
david@davidborumattorney.com
dsborum@gmail.com
*Counsel for Plaintiff*

***/s/ Elizabeth S. Fritz***
*Counsel for Defendant/ Third-Party Plaintiff*